IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| JASMINE QUINONES,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>    Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:19-cv-00030-DB-JCB<br><br>District Judge Dee Benson<br><br>Magistrate Judge Jared C. Bennett |

Before the court is Defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (Dkt. No. 19.) Also before the court is Plaintiff's Partial Motion for Summary Judgment. (Dkt. No. 20.) Both motions have been fully briefed by the parties, and the court has considered the facts and arguments set forth in those filings. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the Court elects to determine the motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.

## BACKGROUND

This matter concerns Plaintiff Jasmine Quinones' employment with United Parcel Service, Inc. ("Defendant" or UPS"). Plaintiff was born and raised in the United States, but her parents are from Mexico and she identifies as being from Latin-American descent. (Dkt. No. 2, ¶ 7.) Ms. Quinones initiated this lawsuit on April 8, 2019, alleging three causes of action under Title VII in her Complaint: (1) Discrimination, (2) Retaliation, and (3) Harassment, all based upon her race and ethnicity. Defendant's motion seeks summary judgment on each of Plaintiff's claims. Plaintiff's motion seeks summary judgment on her three claims and requests that a subsequent hearing be set to determine damages.

## **DISCUSSION**

Federal Rule of Civil Procedure 56 permits the entry of summary judgment in matters where "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of showing that there is no genuine issue of material fact, and the court must "construe all facts, and reasonable inferences therefrom, in favor of the non-moving party." *WKB Enters., Inc. V. Ruan Leasing Co.*, 838 F. Supp. 529, 532 (D. Utah 1993).

"For purposes of summary judgment, … the court examines the evidence to determine if a reasonable jury could return a verdict in favor of the nonmoving party. If it can, summary judgment should be denied." *Id*. However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48 (1986) (emphasis in original).

After reviewing the evidence and arguments presented, and construing the facts of this case in favor of Plaintiff, the court finds that no reasonable jury could return a verdict in favor of Plaintiff.

### A. **Plaintiff's Discrimination Claim**

The court first turns to Plaintiff's discrimination claim under Title VII. Without direct evidence of discrimination, Plaintiff must make a prima facie case for discrimination under the *McDonnell Douglas* framework. In order to do so, Plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for her employment position; (3) she was subjected to an adverse employment action; and (4) the circumstances surrounding the adverse employment action give rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411

U.S. 792, 802 (1973). If Plaintiff can demonstrate a prima facie case of discrimination, the burden then shifts to her employer to show "some legitimate, nondiscriminatory reason" for the adverse employment action. *Turner v. Pub. Serv. Co. of Colorado*, 563 F.3d 1136, 1142 (10th Cir. 2009). If the employer makes such a showing, Plaintiff can only avoid summary judgement if she can show that discrimination was "a determinative factor" in the employment decision, or that her employer's explanation for the action is merely pretext. *Tabor v. Hilti, Inc.,* 703 F.3d 1206, 1217 (10th Cir. 2013).

Here, it is undisputed that Plaintiff is a member of a protected class and is qualified for her position at UPS. However, the parties disagree as to whether Plaintiff suffered an adverse employment action and whether the circumstances surrounding the action give rise to an inference of discrimination within the meaning of the *McDonnell Douglas* framework. While the Tenth Circuit liberally defines the phrase "adverse employment action," courts do not consider "a mere inconvenience or alteration of job responsibilities" to be such an action. *Sanchez v. Denver Pub. Sch.,* 164 F.3d 527, 532 (10th Cir. 1998). Rather, an adverse employment action is generally a "*significant* change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Piercy v. Maketa*, 480 F.3d 1192, 1203 (10th Cir. 2007) (emphasis added).

Plaintiff has not suffered an adverse employment action here. Plaintiff has not shown that any of the alleged actions taken by UPS constituted a significant change in her employment status. Rather, the specific circumstances of this case and the evidence presented demonstrate that each of the identified actions were no more than a temporary or *de minimis* inconvenience to Plaintiff. *See Hillig v. Rumsfeld,* 381 F.3d 1028, 1033 (10th Cir. 2004) (finding that "those acts

that merely have a *de minimis* impact upon an employee's future job opportunities" are excluded from the definition of an adverse employment action).

Furthermore, even if any of these actions qualified as adverse, the circumstances still do not give rise to an inference of discrimination. Plaintiff has not shown that she was treated differently than other employees at UPS *because of* her protected characteristics. *E.E.O.C. v. Flasher Co.,* 986 F.2d 1312, 1320 (10th Cir. 1992) ("Under Title VII, … it is up to the plaintiff … to prove that [the differential treatment] was caused by intentional discrimination against a protected class."). Indeed, Plaintiff's only allegation connecting one of these employment actions to her race or ethnicity is her claim that her supervisor, Sasha Montgomery, told her that she was being denied option days "because she was Mexican." (Dkt. No. 2, ¶ 9.)  However, UPS has offered a legitimate and nondiscriminatory explanation for Plaintiff's missing option days: a payroll error. This oversight was promptly corrected by UPS once this mistake was brought to light. Because Plaintiff fails to bring evidence of a discriminatory animus or sufficiently show that UPS' explanation for its actions is pretext for discrimination, Plaintiff fails to satisfy the *McDonnel Douglas* test.

### B. Plaintiff's Retaliation Claim

The court next addresses Plaintiff's Title VII retaliation claim. To establish a prima facie case of retaliation, Plaintiff must demonstrate that: (1) she engaged in protected activity to oppose discrimination; (2) a reasonable employee would have found the challenged employment action to be materially adverse; and (3) a causal connection existed between the protected activity and the adverse action. *Argo v. Blue Cross & Blue Shield of Kansas, Inc.,* 452 F.3d 1193, 1202 (10th Cir. 2006).

The parties do not dispute that Plaintiff engaged in protected activity by making complaints to her supervisor and to Human Resources representatives at UPS. However, as previously discussed, Plaintiff has not suffered any adverse employment action, and no reasonable employee would have found the challenged actions identified by Plaintiff to be materially adverse. Additionally, Plaintiff has not established a causal connection between any of the employment actions and Plaintiff's protected activity. To satisfy her burden, Plaintiff must produce evidence from which one can infer that UPS would not have taken the allegedly adverse action if Plaintiff had not engaged in protected activity. Plaintiff has failed to produce sufficient evidence of such but-for causation. Accordingly, her retaliation claim fails as well.

### C. **Plaintiff's Harassment Claim**

Finally, the court turns to Plaintiff's claim for harassment and hostile work environment. To establish that a racially hostile work environment existed, Plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to unwelcome conduct; (3) the unwelcome conduct was based on her race or ethnicity; and (4) the unwelcome conduct was sufficiently severe or pervasive to alter the terms, conditions, or privileges of Plaintiff's employment and created an abusive working environment. *See Harsco Corp. v. Renner,* 475 F.3d 1179, 1186 (10th Cir. 2007). In determining whether an environment is sufficiently hostile to be actionable, courts look at the totality of the circumstances, "including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (internal quotations and citations omitted). Title VII does not prohibit "simple teasing, offhand comments, and isolated incidents (unless extremely serious)." *Id.* at 788 (internal quotations and citations omitted).

Plaintiff clearly has alleged that she is a member of a protected class who was subjected to unwelcome conduct by her coworkers and supervisors at UPS, including offensive comments and excessive supervision. However, after review of the record, the court finds that, for many of the unwelcome statements and behaviors listed in Plaintiff's Complaint, Plaintiff has not adequately shown that they were connected to her race or ethnicity. As for the remaining alleged unwelcome conduct, Plaintiff has not established sufficient evidence showing that the harassment was severe or pervasive enough to qualify as a hostile working environment. Indeed, Plaintiff has only alleged "a few isolated incidents" and "sporadic racial slurs." *See Bolden v. PRC Inc.,* 43 F.3d 545, 551 (10th Cir. 1994). Plaintiff has also offered no evidence to show that any of the behavior she now complains of interfered with her work performance. Accordingly, Plaintiff has not shown that the alleged discriminatory conduct was sufficiently frequent or severe to be actionable.

Furthermore, employer liability for coworker harassment "arises only if the employer fails to take adequate remedial and preventative responses to any actually or constructively known harassment." *Holmes v. Utah, Dep't of Workforce Servs.,* 483 F.3d 1057, 1069 (10th Cir. 2007). The evidence shows that UPS investigated each of Plaintiff's complaints and conducted a review of UPS' anti-harassment policy with all employees in response to the complaints. Following the training, no further harassment of Plaintiff occurred. Although Plaintiff may not be satisfied with how UPS handled the situation, dissatisfaction alone does not support her harassment claim. The court finds that UPS' response to Plaintiff's complaints of harassment based on her race and ethnicity was reasonable, and Plaintiff has not offered adequate evidence to the contrary.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (Dkt. No. 19) is hereby GRANTED, and Plaintiff's Motion for Summary Judgment (Dkt. No. 20) is DENIED. This action is DISMISSED with prejudice.

DATED this 16th day of June, 2020.

BY THE COURT:

*[signature: Dee Benson]*

Hon. Dee Benson
United States District Judge